UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HELEN BOTTIS, § | |
| § | |
| Petitioner, § | |
| VS. § | MISCELLANEOUS NO. 2:14-MC-841 |
| § | |
| FIRST NATIONAL BANK, EDINBURG, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Pending is Plaintiff's Application to Proceed *In Forma Pauperis*. (D.E. 1). Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this case has been referred to the undersigned United States Magistrate Judge.[1] For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be **DENIED** and that Plaintiff pay the filing fee within a time specified by the Court. Further, Plaintiff should be notified that failure to pay the filing fee will result in her case being dismissed.

### I.    BACKGROUND

Plaintiff Helen Bottis appearing *pro se* filed this civil action and seeks to recover against First National Bank for nineteen federal and state causes of action for conduct Plaintiff alleges amounts to predatory lending and mortgage fraud. (D.E. 1-2). Plaintiff

---

[1] *See* Special Order C-2013-01, referring miscellaneous applications to proceed *in forma pauperis*.

lost certain real estate to foreclosure and she is attempting to sue the bank which appears to be the institutional lender. In connection with her application to proceed *in forma pauperis,* Plaintiff submitted an affidavit setting forth certain assets and liabilities and the undersigned held a hearing on July 29, 2014. Plaintiff appeared in person. Plaintiff is a widow who lives in Corpus Christi. She and her deceased husband previously owned George's Restaurant which was located in the Flour Bluff community of Corpus Christi. Plaintiff also previously owned a number of properties which in 2010 had a collective value of over one million five hundred thousand dollars ($1,500,000.00). Plaintiff lost most of the properties in foreclosure after her husband died and this litigation appears to relate to those foreclosures.

Plaintiff, however, still owns real property and a building on the corner of Whitecap and South Padre Island Drive, which is located on Padre Island in Corpus Christi, Texas. Plaintiff collects $2,400 a month for renting the property to a tenant who operates a liquor store at the location. Plaintiff estimates the value of the Whitecap property to be $195,000, although she still owes approximately $72,000 on the property. Plaintiff has expenses relating to the rental property, including taxes and insurance, and estimates that she nets approximately $800 a month in rental income. Plaintiff also owns a home she values at approximately $160,000, although she owes $101,000 on her homestead. Neither of the two properties are currently in foreclosure.

Plaintiff also receives $658 a month in Social Security from the United States and $305 a month in Social Security from Canada. Plaintiff maintains that her monthly living

expenses exhaust most of her income and she receives financial assistance from her children to make ends meet. Plaintiff is not currently employed.

## II. ANALYSIS

The statute authorizing the Court to grant *in forma pauperis* status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.,* 335 U.S. 331, 337 (1948*); Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a).

The filing fee for a civil action in this Division is $400.00. While Plaintiff's investment and commercial properties have been diminished, Plaintiff has not shown an inability to pay the filing fee. She owns a home, a valuable commercial rental property, and receives monthly income. Plaintiff appears to have the ability to pay the filing fee and should not be allowed to proceed *in forma pauperis*.

## III.  RECOMMENDATION

The undersigned Magistrate Judge respectfully recommends the Court **DENY** Plaintiff's Application to Proceed *In Forma Pauperis*.  (D.E. 1).  It is further recommended that the District Court inform Plaintiff that her complaint will be subject to dismissal without notice, unless Plaintiff tenders the $400.00 filing fee within thirty (30) days of the District Court's order denying IFP status.

The Clerk will mail a copy of this recommendation to Plaintiff.

Respectfully submitted this 30th day of July, 2014.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).